**MATTEL, INC., a Delaware corporation, Defendant–counter-claimant—Appellee,**

v.

**MGA ENTERTAINMENT, INC.; MGA Entertainment (HK) Limited, a Hong Kong Special Administrative Region business entity; MGAE de Mexico, S.R.L. de C.V., a Mexico business entity; Isaac Larian, an individual, Counter–defendants—Appellants.**

**Carter Bryant, an individual, Plaintiff-counter-defendant,**

**Carlos Gustavo Machado Gomez, an individual, Counter-defendant.**

**MGA Entertainment, Inc.; MGA Entertainment (HK) Limited, a Hong Kong Special Administrative Region business entity; MGAE de Mexico, S.R.L. de C.V., a Mexico business entity; Isaac Larian, an individual, Plaintiffs—Petitioners,**

v.

**Mattel, Inc., a Delaware corporation, Defendant—Respondent.**

**Nos. 10–57048, 10–80235.**

United States Court of Appeals, Ninth Circuit.

Jan. 6, 2011.

Jon David Corey, William C. Price, Esquire, Brett Dylan Proctor, Esquire, John B. Quinn, Esquire, Michael Thomas Zeller, Quinn Emanuel Urquhart Oliver & Hedges LLP, Los Angeles, CA, Sanford Ian Weisburst, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, for Defendant–Counter–Claimant–Appellee.

John Ely Andrews, Esquire, Maxwell Michael Blecher, Esquire, Blecher & Collins, P.C., Los Angeles, CA, Annette Louise Hurst, Esquire, Orrick Herrington & Sutcliffe LLP, San Francisco, CA, Thomas S. McConville, Orrick, Herrington & Sutcliffe, LLP, Irvine, CA, William A. Molinski, Orrick Herrington & Sutcliffe, LLP, Los Angeles, CA, Warrington Samuel Parker, III, Counsel, MGA Entertainment, Inc., Van Nuys, CA, for Counter–Defendant–Appellants.

Peter H. Bonis, Peter H. Bonis Law Offices, Walnut Creek, CA, for Plaintiff–Counter–Defendant.

Alexander Cote, Overland Borenstein Scheper & Kim, LLP, David Scheper, Scheper Kim & Harris LLP, Los Angeles, CA, Mark Eric Overland, Esquire, Law

**46**

Offices of Mark E. Overland, Santa Monica, CA, for Counter–Defendant.

D.C. No. 2:04–cv–09049–DOC–RNB.

Before: KOZINSKI, Chief Judge, TROTT and WARDLAW, Circuit Judges.

## MEMORANDUM*

1. We lack jurisdiction to consider MGA's interlocutory appeal of the district court's disqualification order. *See* 28 U.S.C. § 1292(b); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir.2010); *Cole v. U.S. Dist. Ct.*, 366 F.3d 813, 817–18 n. 4 (9th Cir.2004). Nor do we have jurisdiction under the collateral order doctrine. *See Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 440, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985).

2. We deny MGA's petition for a writ of mandamus. *See Plata v. Schwarzenegger*, 560 F.3d 976, 983 (9th Cir.2009) (listing factors to consider). Most importantly here, the district court's disqualification order was not "clearly erroneous as a matter of law." *Id.* Timesheets show that Ms. Basinger previously represented Mattel in this case, and her supervising attorney declared under penalty of perjury that he shared trial strategies and other confidential information with her. Ms. Basinger says she can't remember working on the case, but doesn't dispute the evidence to the contrary. In these circumstances, disqualification may indeed have been mandatory under California law. Here's how the Second District Court of Appeal recently put it in *Kirk v. First American Title Insurance Co.*:

> [V]icarious disqualification should be automatic in cases of a tainted attorney possessing actual confidential information from a representation, who switches sides in the same case.... [W]hen a tainted attorney moves from one private law firm to another, the law gives rise to a rebuttable presumption of imputed knowledge to the law firm, which may be rebutted by evidence of effective ethical screening. However, if the tainted attorney was actually involved in the representation of the first client, and switches sides in the same case, no amount of screening will be sufficient, and the presumption of imputed knowledge is conclusive.

183 Cal.App.4th 776, 108 Cal.Rptr.3d 620, 637, 649 (Cal.Ct.App.2010) (Croskey, J.).

This squares with *Henriksen v. Great American Savings & Loan*, 11 Cal.App.4th 109, 14 Cal.Rptr.2d 184 (Cal.Ct.App.1992). There the Court of Appeal addressed "whether a law firm may continue to represent a client where during the pendency of litigation it hires an associate who formerly represented the adverse party in the same proceeding." *Id.* at 111, 14 Cal. Rptr.2d 184. It held that "the associate's disqualification results in the vicarious disqualification of the entire law firm .... even if the law firm takes measures to insulate the new associate from any involvement in the current litigation." *Id.* The court summarized the rule it found "to be quite clear cut in California: where an attorney is disqualified because he formerly represented and therefore possesses confidential information regarding the adverse party in the current litigation, vicarious disqualification of the entire firm is compelled as a matter of law." *Id.* at 117, 14 Cal.Rptr.2d 184.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

What is left unclear is whether the absolute vicarious disqualification rule applies even where the representation of the first client was brief and fairly minor, and the lawyer who switches firms is insulated from the litigation team working for the second client by an ethical wall—as in our case. *See Kirk,* 108 Cal.Rptr.3d at 637 n. 20. Given the uncertainty as to the status of California law on this subject, the district court wouldn't have been clearly erroneous, whichever course it adopted on the disqualification motion.

Nor do we see any clear abuse of discretion in the court's denial of a continuance on the eve of trial. *See Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 961 (9th Cir. 2001). None of the circumstances in this case persuade us that mandamus relief is appropriate. *See Plata,* 560 F.3d at 983.

3. MGA's motion to stay the trial is denied as moot.

**Appeal DISMISSED. Petition for writ of mandamus DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.